IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EMIL WOLFGRAMM, JR.,<br><br>Defendant. | Case No. 13-cr-00877-DKW-01<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Approximately 69 months into his 120-month sentence, Defendant Emil Wolfgramm asks the Court to reduce his sentence to time served because his medical conditions, in light of the COVID-19 pandemic, present extraordinary and compelling reasons warranting such a reduction. The Court disagrees, and, for the reasons set forth below, Wolfgramm's motion is DENIED.

## RELEVANT BACKGROUND

On September 3, 2015, Wolfgramm pled guilty to methamphetamine distribution-related offenses. Dkt. No. 209. On March 8, 2016, the Court sentenced Wolfgramm to 120 months' imprisonment and five years of supervised release. Dkt. Nos. 261, 262. The Court varied downward from the applicable sentencing guideline range of 135 to 168 months' because of Wolfgramm's history and characteristics, including his charitable service, community ties, and physical condition. Dkt. No. 263 at 3.

1

On March 16, 2021, Wolfgramm filed a pro se motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion").  Dkt. No. 284.  After being appointed to represent him, Dkt. No. 289, the Federal Public Defender's Office filed a supplemental brief in support of Wolfgramm's compassionate release motion on April 29, 2021.  Dkt. No. 291.  Wolfgramm argues that his medical conditions—obesity, cardiomegaly, cardiac arrhythmia, secondary hypertension, obstructive sleep apnea, hyperglycemia, hyperlipidemia, gout, and prediabetes—in light of the COVID-19 pandemic, present extraordinary and compelling reasons warranting his immediate release.  Dkt. No. 291 at 6-14.  On May 13, 2021, the Government filed a response opposing any sentence reduction.  Dkt. No. 295.  No reply was filed in the time allotted or thereafter.  This order follows.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction"; and

3. the court considers the sentencing factors set forth in 18 U.S.C. §3553(a).

18 U.S.C. § 3582(c)(1)(A)(i). The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## DISCUSSION

The parties dispute only the second and third requirements detailed above. *See* Dkt. No. 295 at 6 ("The United States believes that Defendant had exhausted his administrative remedies with the Bureau of Prisons."). Wolfgramm argues that his obesity, cardiomegaly, cardiac arrhythmia, secondary hypertension, obstructive sleep apnea, hyperglycemia, hyperlipidemia, gout, and prediabetes, in light of the COVID-19 pandemic, present extraordinary and compelling reasons warranting

release. Dkt. No. 291 at 6-14. The Government disagrees, arguing that Wolfgramm's circumstances are not extraordinary and compelling "because he has been fully vaccinated" against the virus. Dkt. No. 295 at 7–13. The Court agrees with the Government, and, for the reasons explained below, Wolfgramm's compassionate release motion is DENIED.

## I.     Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons." While Congress did not define "extraordinary and compelling reasons" warranting compassionate release, the Sentencing Commission has. *See* U.S.S.G. § 1B1.13. However, that definition is binding only as to compassionate release motions brought by the Director of the Bureau of Prisons, not where, as here, such motions are brought directly by a defendant. *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). While the Sentencing Commission's statements in U.S.S.G. § 1B1.13 are not *binding* in the circumstance presented here, they nonetheless "may inform a district court's discretion for [Section] 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802.

This Court has explained the showing a defendant must make in a compassionate release motion premised on the risks of COVID-19:

> [W]here an inmate is seeking compassionate release due to a potential reaction to a communicable disease, such as COVID-19, [the inmate] must usually demonstrate that the potential to be infected is high, [the inmate] is at risk of a severe reaction if infected, and should [the inmate] become

4

> infected, [he or she] will suffer significant short- or long-term harm or death. Because the remedy sought—years off a sentence for a felony conviction—is extraordinary, the circumstances warranting that remedy must be likewise extraordinary (and compelling).

*United States v. Blumenstein*, 2021 WL 1655823, at *4 (D. Haw. April 27, 2021); *accord United States of America v. Marshall*, 2021 WL 1535332, at *2 (D. Nev. Apr. 19, 2021) ("courts have looked to the safety of the defendant's current detention institution compared to release, as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19" (citation omitted)); *United States v. Kauwe*, 467 F. Supp. 3d 940, 946 (D. Nev. 2020) (considering whether: "(1) the combination of [the defendant's] age and underlying health conditions elevate his risk of becoming seriously ill were he to contract COVID-19 . . . and (2) he faces greater risk from COVID-19 if he continues to be housed at his current facility instead of being released"); *United States v. Williams*, 2020 WL 4586860 at *3 (D. Haw. Aug. 10, 2020) (denying compassionate release because the defendant failed to demonstrate a large number of past or present infections at the facility); *United States v. Kim*, 2020 WL 3213312, at *3 (D. Haw. June 15, 2020) (denying compassionate release because the "court cannot tell that there is a substantial risk that [the defendant] will be reinfected").

    The Court recognizes that Wolfgramm suffers from severe obesity, cardiomegaly, cardiac arrhythmia, secondary hypertension, obstructive sleep apnea, hyperglycemia, hyperlipidemia, gout, and prediabetes. Dkt. No. 291 at 6-

5

14.  The CDC recognizes that some of these conditions, such as severe obesity and hypertension, "can make [one] more likely" to have a severe reaction to COVID-19 if infected.[1]  However, this fact is outweighed by several others.  Most significantly, *Wolfgramm is fully vaccinated* against the virus, having received both doses of the Pfizer-BioNTech vaccine on February 28, 2021 and March 26, 2021.  Dkt. No. 295-1 (COVID-19 Vaccination Form).  Additionally, the Bureau of Prisons is reporting *zero* inmates at Reeves III CI (Texas), the facility that presently houses him, as currently infected with the virus.[2]  In other words, not only are Wolfgramm's chances of contracting the virus in his facility *extremely* low,[3] his risk of a severe reaction should he be infected is likewise *extremely* low.[4]  Wolfgramm's argument that he remains susceptible to the virus even after vaccination does not constitute an extraordinary and compelling reason in the face of the current scientific consensus to the contrary.

---

[1] *People at Increased Risk: People with Certain Medical Conditions*, CDC (last updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 25, 2021).
[2] *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited May 25, 2021).
[3] *Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, FDA, https://www.fda.gov/media/144416/download (last visited May 25, 2021) (explaining that the vaccine was 95% effective in preventing COVID-19).
[4] *See* Dkt. No. 295 at 12 (detailing studies showing that vaccines are 100% effective against severe disease, as defined by the CDC).

Because Wolfgramm has failed to demonstrate an extraordinary and compelling reason warranting compassionate release, his motion is DENIED.[5]

## CONCLUSION

For the reasons set forth herein, Wolfgramm's motion for compassionate release, Dkt. Nos. 284, 291, is DENIED.

IT IS SO ORDERED.

DATED: May 27, 2021 at Honolulu, Hawai'i



Derrick K. Watson
United States District Judge

---

*United States v. Wolfgramm*, Criminal No. 13-00877-DKW-01; **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

---

[5] Nor do the Section 3553(a) sentencing factors, *see* Dkt. No. 291 at 16–19, present a compelling case in Wolfgramm's favor in that he has yet to serve roughly 30% of the mandatory minimum term of imprisonment applicable to his offense of conviction, which involved his distribution of more than 9,000g of high purity "ice."